UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DANIELLE NECOLE LIGGINS,<br><br>Defendant | Criminal No.   22cr10152<br><br>Violation:<br><br><u>Count One</u>: Conspiracy to Conduct an Unlicensed Money Transmitting Business (18 U.S.C. § 371)<br><br><u>Forfeiture Allegation</u>:<br>(18 U.S.C. § 982(a)(1)) |

INFORMATION

At all times relevant to this Information:

<u>General Allegations</u>

1. Defendant DANIELLE NECOLE LIGGINS resided in Texas.

2. CHARLES OCHI, a co-conspirator, resided in Texas.

3. Texas law required a money transmitter to be licensed, and a violation of its licensing statute was a felony offense. Tex. Fin. Code §§ 151.302 and 708. LIGGINS and OCHI did not have money transmitting licenses in Texas or in any other state.

4. Title 31, United States Code, Section 5330 and associated regulations promulgated thereunder, including Title 31, Code of Federal Regulations, Sections 1010.100(ff)(5) and 1022.380(a)(2), required a money transmitting business to register with the United States Department of Treasury and to comply with various reporting requirements. Neither LIGGINS nor OCHI complied with these federal money transmitting regulations.

<u>Overview of the Conspiracy</u>

5. From a date unknown, but no later than October 2017, OCHI and LIGGINS agreed to operate a money transmitting business purportedly related to cryptocurrency trading.

6.       Thereafter, using bank accounts that she opened in furtherance of the scheme, LIGGINS received money from persons she did not know and transferred the money she received as directed by OCHI, usually by withdrawing money, buying cashier's checks, and sending the cashier's checks to persons OCHI identified.

7.       At no time did LIGGINS trade in a cryptocurrency, such as Bitcoin, using the money that persons wired into her accounts.

8.       For each transaction that she conducted, LIGGINS retained $1,000 of the principal she received as a fee for her services.

9.       In fact, the persons transferring money to LIGGINS were often victims of internet-based fraud schemes that OCHI's associates had perpetrated.  The victims wrongly believed that they were sending money to legitimate investment accounts.

10.      Among the fraud schemes for which LIGGINS received and transferred money was PrimeFx or Global Prime, a purported internet-based investing company that promised small investors extraordinary returns over short time periods.

11.      A second fraud scheme whose victims transferred money to LIGGINS was MyFixTrade.com, another internet-based investment company that purported to offer over 50 percent investment returns based on investments in Bitcoin.

Object and Purpose of the Conspiracy

12.      The object of the conspiracy was to transmit money received from persons intending to invest in cryptocurrencies to OCHI and OCHI's associates.

13.      The principal purposes of the conspiracy were to make money by collecting fees for financial transactions and to conceal the financial transactions from law enforcement and from state and federal regulators.

Manner and Means of the Conspiracy

14.   Among the manner and means by which LIGGINS, OCHI, and co-conspirators known and unknown carried out the conspiracy were the following:

    a.   Using bank accounts to receive wires from third parties; and

    b.   Using cashier's checks to transfer monies received from third parties to OCHI or to others, as OCHI directed.

Overt Acts in Furtherance of the Conspiracy

15.   Starting no later than in or about October 2017, LIGGINS, OCHI, and co-conspirators known and unknown to the United States Attorney committed and caused to be committed the following overt acts, among others, in furtherance of the conspiracy:

    a.   On or about October 17, 2017, LIGGINS opened a business bank account at Bank of America ("BOA") doing business as "Liggins Starfflex Commercial."

    b.   On or about November 27, 2017, LIGGINS registered "Global Prime" as an unincorporated business in Tarrant County, Texas.

    c.   Also on or about November 27, 2017, LIGGINS opened a business bank account at Regions Bank, doing business as "Global Prime."

    d.   On or about December 11, 2017, drawing on $15,000 she had received in her Liggins Starfflex Commercial bank account from a MyFixTrade.com victim, LIGGINS wired $5,000 to a PrimeFx victim who had requested a withdrawal.

    e.   Also on or about December 11, 2017, drawing on the same $15,000 deposit, LIGGINS withdrew $7,000 in cash.

f. On or about December 14, 2017, drawing on the same $15,000 deposit, LIGGINS transferred $2,300 to OCHI.

g. On or about December 27, 2017, drawing on $11,400 she had received in her Global Prime bank account from PrimeFx victims, LIGGINS wired $4,000 to a PrimeFx victim in Massachusetts who had requested a withdrawal for his/her PrimeFx investment account;

h. On or about January 6, 2018, LIGGINS used a messaging application to tell OCHI that she was taking her $1,000 fee from a $15,000 wire deposit she had received the day before.

i. On or about January 22, 2018, OCHI used a messaging application to alert LIGGINS about a $50,000 transfer from a person in California.

j. On or about January 30, 2018, OCHI directed LIGGINS to transfer $8,000 of the $50,000 she had received to a co-conspirator using two cashier's checks.

k. On or about February 16, 2018, LIGGINS withdrew $7,512.86 from her Global Prime bank account and closed the account.

l. At a date unknown, but while conducting business with OCHI, LIGGINS deleted her messages with OCHI at his direction for the purpose of eliminating records of their business communications.

<u>COUNT ONE</u>
Conspiracy to Conduct an Unlicensed Money Transmitting Business
(18 U.S.C. § 371)

The United States Attorney charges:

13. The United States Attorney re-alleges and incorporates by reference paragraphs 1 through 12(l) of this Information.

14. From in or about October 2017 through at least in or about March 2018, in the District of Massachusetts and elsewhere, the defendant,

DANIELLE NECOLE LIGGINS

conspired with others known and unknown to the United States Attorney to commit an offense against the United States, to wit, knowingly to conduct all or part of an unlicensed money transmitting business affecting interstate and foreign commerce that (1) operated without an appropriate license in Texas where such operation is punishable as a felony under state law; (2) failed to comply with the money transmitting business registration requirements under Section 5330 of Title 31, United States Code, and the regulations thereunder; and (3) involved the transportation and transmission of funds that were known to the defendant to have been derived from a criminal offense and were intended to be used to promote and support unlawful activity, in violation of Title 18, United States Code, 1960.

All in violation of Title 18, United States Code, Section 371.

## FORFEITURE ALLEGATION
### (18 U.S.C. § 982(a)(1))

The United States Attorney further alleges:

15. Upon conviction of the offense of conspiracy to conduct an unlicensed money transmitting business, in violation of Title 18, United States Code, Section 371, set forth in Count One, the defendant,

DANIELLE NECOLE LIGGINS,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property. The property to be forfeited includes, but is not limited to, the following:

    a. An Order of Forfeiture for $9000.

16. If any of the property described in Paragraph 15, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 15 above.

All pursuant to Title 18, United States Code, Section 982(a)(1).

                                                        Respectfully submitted,

                                                        RACHAEL S. ROLLINS
                                                        United States Attorney

By:    /s/ KRISS BASIL
                                                        Kriss Basil
                                                        Assistant U.S. Attorney

(Digitally signed by KRISS BASIL, Date: 2022.07.08 15:46:50 -04'00')