UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal Action No. 1:22-cr-10152-IT |
| | * | |
| DANIELLE NECOLE LIGGINS, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM & ORDER

November 15, 2023

TALWANI, D.J.

The government seeks an order of restitution as part of Defendant Danielle Liggins' sentence for conspiracy to unlawfully operate an unlicensed money transmitting business under 18 U.S.C. § 371 and 18 U.S.C. § 1960. Liggins argues that restitution should not be ordered, and in the alternative, that she should be apportioned one percent of the full award. The dispute turns on whether the crime for which she was sentenced, Conspiracy to Unlawfully Operate an Unlicensed Money Transmitting Business under 18 U.S.C. § 371 and 18 U.S.C. § 1960, is an "offense against property" under the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A. Based on the specific unlicensed money transmitting business that Liggins engaged in, her violation of 18 U.S.C. § 1960 does not fall within the MVRA.

**I.      Background**

On April 25, 2022, Liggins and Charles Ochi were charged with Conspiracy to Operate an Unlicensed Money Transmitting Business. Criminal Complaint, 22-mj-7106-JCB [Doc. No. 3]. On July 11, 2022, Liggins was charged separately by Information with conspiracy to operate an unlicensed money transmitting business under 18 U.S.C. § 371 and 18 U.S.C. § 1960. Information, 22-cr-10152-IT [Doc. No. 25]. The Information alleged that Liggins "us[ed] bank

accounts she opened in furtherance of the scheme [and] received money from persons she did not know and transferred the money she received as directed by OCHI, usually by withdrawing money, buying cashier's checks, and sending the cashier's checks to persons OCHI identified." Id. ¶ 6. The Information charged further that "[i]n fact, the persons transferring money to LIGGINS were often victims of internet-based fraud schemes that OCHI's associates had perpetrated." Id. ¶ 9. The Information's single count charged Conspiracy to Conduct an Unlicensed Money Transmitting Business in violation of 18 U.S.C. § 371 and, closely tracking the language of the statute, alleged that Liggins:

> conspired with others known and unknown to the United States Attorney to commit an offense against the United States, to wit, knowingly to conduct all or part of an unlicensed money transmitting business affecting interstate and foreign commerce that (1) operated without an appropriate license in Texas where such operation is punishable as a felony under state law; (2) failed to comply with the money fails to comply with the money transmitting business registration requirements under Section 5330 of title 31, United States Code, and the regulations thereunder; and (3) the transportation and transmission of funds that are known to the defendant to have been derived from a criminal offense and were intended to be used to promote or support unlawful activity, in violation of Title 18, United States Code, 1960.

Id., Count One.[1]

On August 4, 2022, Liggins waived indictment and pleaded guilty to the Information. Elec. Clerk's Notes [Doc. No. 34]; Plea Agreement [Doc. No. 27]. In her Statement of Facts attached to her plea agreement [Doc. No. 27], Liggins stated that she did not hold and had never held a money transmitting license in Texas or any other state, and that she had never registered

---

[1] Ochi was charged by Indictment, together with another defendant, with Money Laundering Conspiracy in violation of 18 U.S.C. § 1956(h), Conspiracy to Conduct an Unlicensed Money Transmitting Business in violation of 18 U.S.C. § 371, where the underlying wrongful activity was wire fraud, in violation of 18 U.S.C. § 1343, and Conspiracy to Conduct an Unlicensed Money Transmitting Business in violation of 18 U.S.C. § 371, where the underlying wrongful activity was in violation of 18 U.S.C. § 1960. Ochi Indictment, 22-cr-10255 [Doc. No. 36]. The allegations of the unlicensed money transmitting business included "[u]sing online romance scams to recruit unwitting Transmitters," id. ¶ 27.b., and that "OCHI met LIGGINS through a dating application and recruited her as a Transmitter," id. ¶ 52.

as a money transmitter with the United States Department of Treasury. She recounted that Ochi (with whom she had a romantic relationship) told her they could run a "bitcoin business," that he directed her in registering a business and opening a bank account, that she gave her bank account information to Ochi, received alerts from Ochi of an incoming deposit and would then receive a deposit from a person she did not know, withdrew the money as cash, purchased cashier's checks and sent the money where Ochi directed her to.[2] Statement of Facts [Doc. No. 27].

On October 27, 2023, Liggins appeared before this court for sentencing. The government sought restitution in the amount of $156,400, joint and severally with Ochi. Liggins objected to any order of restitution, and with the court's permission, her counsel submitted additional briefing on the issue. Def. Supp. Mem. [Doc. No. 79]. Defendant argued in the alternative that any restitution amount should be apportioned with Ochi, id. at 7-8, and the government acknowledged Ochi's far greater responsibility and stated that the government would not object to apportionment that reflected that difference, Hrg. Tr. 18:1-10 (Oct. 27, 2023). The court entered judgment but deferred the determination of restitution. Judgment 6 [Doc. No. 78].

II.     Discussion

Under the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A, a defendant convicted of "an offense against property . . . , including any offense committed by fraud or deceit," id. at 3663A(c), shall be ordered to make restitution to identifiable victims of the offense who have suffered a pecuniary loss, id. at 3663A(a)(1). The government contends that the crime underlying the conspiracy, 18 U.S.C. § 1960, is sufficiently similar to money laundering, 18 U.S.C. § 1956, such that it constitutes an offense against property, and thus

---

[2] On April 12, 2023, Ochi pled guilty to all three counts of his Indictment, see Elec. Clerks note, 22-cr-10255 [Doc. No. 76]. Ochi was sentenced on June 14, 2023, with restitution to be determined. Judgment and docket text, 22-cr-10255 [Doc. No. 103].

requires an order of restitution. In opposition, Liggins contends that unlike money laundering, unlicensed money transmitting does not contain an intent element with respect to property itself.

    A.    *Does 18 U.S.C. § 1960 Constitute an Offense Against Property?*

The court begins by considering whether operating an unlicensed monetary transmitting business under 18 U.S.C. § 1960 constitutes an "offense against property" within the meaning of the MVRA.[3]

"An 'offense against property' is not committed simply because criminal conduct occasions property loss." United States v. Collins, 854 F.3d at 1333. Instead, "[p]roperty . . . must serve as the object of the offense." Id. at 1331. Under the common law, for property to be the "object" of the offense, a defendant was required to possess some form of intent to destroy or damage property, or to deprive another of property. Thus, examples of common-law "offenses against property" include crimes such as "larceny, embezzlement, cheating, cheating by false pretenses, robbery, receiving stolen goods, malicious mischief, forgery, and uttering forged instruments." Id. at 1333 (citing Black's Law Dictionary 1251 (10th Ed. 2014); see Borden v. United States, 141 S. Ct. 1817, 1840 (2021) (Kavanaugh, J., dissenting) (offenses against property "include, for example, burglary, arson, extortion, fraud, and destruction of property"). Likewise, although not itself a common-law crime, money laundering requires that a defendant "know[] that the property involved in a financial transaction represents the proceeds of some

---

[3] In starting this way, the court does not intend to exclude consideration of the offense conduct from the restitution analysis. See United States v. Collins, 854 F.3d 1324, 1334-35 (11th Cir. 2017) (explaining why the text of the MVRA does not comport with a categorical approach); see also United States v. Rassouk, 984 F.3d 181, 186 (2d Cir. 2020) ("[C]ourts may consider the facts and circumstances of the crime that was committed to determine if it is an 'offense against property' within the meaning of the MVRA."). Rather, the court starts with the specific crime charged to provide the framework for the offense and then considers the manner in which that crime was committed to determine whether to order restitution.

form of unlawful activity," and nevertheless "conduct[] or attempt[] to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity." 18 U.S.C. § 1956. In this way, the intent element of money laundering bears a strong resemblance to common-law offenses against property. See, e.g., Black's Law Dictionary 287 (defining "cheating by false pretenses"); 1461 (defining "receiving stolen property") (10th Ed. 2014).

      1.      18 U.S.C. § 1960 Is Not Primarily Directed Toward Property

18 U.S.C. § 1960 states:

(a) Whoever knowingly conducts, controls, manages, supervises, directs, or owns all or part of an unlicensed money transmitting business, shall be fined in accordance with this title or imprisoned not more than 5 years, or both.

(b) As used in this section—

> (1) the term "unlicensed money transmitting business" means a money transmitting business which affects interstate or foreign commerce in any manner or degree and—
>
>> (A) is operated without an appropriate money transmitting license in a State where such operation is punishable as a misdemeanor or a felony under State law, whether or not the defendant knew that the operation was required to be licensed or that the operation was so punishable;
>>
>> (B) fails to comply with the money transmitting business registration requirements under section 5330 of title 31, United States Code, or regulations prescribed under such section; or
>>
>> (C) otherwise involves the transportation or transmission of funds that are known to the defendant to have been derived from a criminal offense or are intended to be used to promote or support unlawful activity.

In contrast to the money laundering statute, 18 U.S.C. § 1960 contains no intent requirement with respect to property. Instead, the statute penalizes whoever "knowingly conducts . . . an unlicensed money transmitting *business*" (emphasis added). The statute's language also does not require that the defendant either knew or willfully violated money

5

transmitting regulation requirements to have violated the law. See United States v. Dimitrov, 546 F.3d 409, 415 (7th Cir. 2008).

Furthermore—and again in contrast to 18 U.S.C. § 1956—18 U.S.C. § 1960 makes no mention of "property" at all. Cf. United States v. Paradis, 219 F.3d 22, 24 (1st Cir. 2000) (emphasizing "property" as key term in money laundering statute for purposes of whether the MVRA applied). The first two statutory subsections defining "unlicensed money transmitting business" are not concerned with the funds flowing into or out of an allegedly unlawful business, but with whether that business is operating in accordance with the regulations and licensing requirements of federal and state law.

2.  18 U.S.C. § 1960(b)(1)(C) Does Define An Offense Against Property

Unlike subsections (A) and (B), subsection (C) of 18 U.S.C. § 1960 is nevertheless so akin to money laundering that an "unlicensed money transmitting business" defined under this subsection should likewise be considered an "offense against property." Subsection (C) is concerned with "the transportation or transmission of funds that are known to the defendant to have been derived from a criminal offense or are intended to be used to promote or support unlawful activity." That language, which was added in 2001, see Pub. L. 107-56, 115 Stat. 272 (2001), reads as a narrower subcategory of 18 U.S.C. § 1956, which, again, criminalizes "conduct or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity" where the defendant "knows that the property involved in a financial transaction represents the proceeds of some form of unlawful activity."

B.  *Liggins' Conduct Does Not Satisfy 18 U.S.C. § 1960(b)(1)(C)*

Here, the government has offered no evidence (or even made any allegations) that Liggins knew that the funds she was transferring were the product of illegal activity. To the

6

contrary, the government has repeatedly expressed the view that Liggins was unaware of the underlying criminal activity, that she never communicated with members of the fraudulent scheme other than Ochi, and that she did not understand the nature of the payments she was making. Indeed, in the Ochi Indictment, Liggins is identified as an "unwitting transmitter" of funds who Ochi had recruited through a romance scheme. Indictment, 22-cr-10255 [Doc. No. 36]. Consistent with this record, the presentence report calculated Liggins' guideline sentence based only on 18 U.S.C. §§ 1960(b)(1)(A) and (b)(1)(B). Liggins' conduct clearly satisfies those two subsections. However, while the elements of subsection (C) constitute an "offense against property," Liggins' particular offense conduct does not satisfy subsection (C), and therefore does not fall within the scope of mandatory restitution as contemplated by the MVRA.

### III.  Conclusion

For the foregoing reasons, the government's request that the court order restitution is DENIED.

IT IS SO ORDERED

November 15, 2023                                              /s/      Indira Talwani
                                                                United States District Judge